UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America ) | CR. NO.: 3:02-548-CMC |
| ) | |
| v. ) | |
| ) | **OPINION and ORDER** |
| Anthony Keith Wilson, ) | |
| ) | |
| Defendant, ) | |
| _____) | |

Defendant has filed a motion for relief pursuant to 28 U.S.C. § 2255 alleging ineffective assistance of both his trial and appellate counsel. The Government has moved for summary judgment, and Defendant has responded in opposition. For the reasons set forth below, the court **grants** the Government's motion for summary judgment and dismisses this motion with prejudice.

**BACKGROUND**

In July 2002, Defendant was indicted by a federal grand jury for participating in a conspiracy to distribute 5 kilograms or more of cocaine, and 50 grams or more of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) and 846.[1]

Defendant proceeded to trial in March 2003, and was found guilty on May 2, 2003. On March 25, 2004, Defendant was sentenced to 420 months' imprisonment.

Defendant appealed his conviction and sentence. In a consolidated appeal, the Fourth Circuit Court of Appeals determined that this court committed error under *Booker v. United States*, 543 U.S. 220 (2005), and that this error was not harmless as to Defendant. Defendant's sentence was vacated, and the matter remanded to this court for resentencing. *See United States v. Davis*, 270

---

[1]The original indictment was superseded three times to add charges relating to other defendants. However, the charges against Defendant Wilson did not change.

Fed. Appx. 236 (4th Cir. 2008).

On July 23, 2008, Defendant appeared for resentencing. After considering the advisory guideline range and the relevant statutory factors, the District Court granted Defendant' motion for a variance and sentenced Defendant to 320 months' imprisonment. Defendant again appealed. On May 8, 2009, the Fourth Circuit affirmed Defendant's sentence. See *United States v. Wilson*, 328 Fed.Appx. 842 (4th Cir. 2009).

Defendant filed this motion for relief on August 2, 2010, contending that he received ineffective assistance of both trial and appellate counsel. The Government responded in opposition to Defendant's motion, moving for summary judgment. An order was entered pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), notifying Defendant of the importance of and requirements relating to a response. Defendant filed a response to the Government's motion on November 4, 2010.

### INEFFECTIVE ASSISTANCE OF COUNSEL

The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id*. at 687. The question whether counsel's performance was deficient may only be answered by viewing counsel's actions or decisions in the light of all surrounding circumstances at the time the decision was made, not in the artificial light of hindsight. *See Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993). A reviewing court should not second-guess defense counsel's tactical

2

decisions. *See McDougall v. Dixon*, 921 F.2d 518, 537-39 (4th Cir. 1990), *cert. denied*, 501 U.S. 1223 (1991). In addition to showing ineffective representation, Defendant must also show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In certain cases, it is not necessary to determine whether counsel's performance was deficient if the claim is readily dismissable for a lack of prejudice. *Id*. at 697. In attempting to establish ineffective assistance of counsel, Defendant must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," as this court applies a "heavy measure of deference to counsel's judgments." *Id*. at 689-91.

In applying *Strickland* to claims of ineffective assistance of appellate counsel, this court accords appellate counsel the "presumption that he decided which issues were most likely to afford relief on appeal." *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993). Appellate counsel is not obligated to assert all nonfrivolous issues on appeal; there is hardly any question about the importance of examining the record and having appellate counsel select the most promising issues for review. *Jones v. Barnes*, 463 U.S. 745, 752 (1983); *see also Smith v. South Carolina*, 882 F.2d 895, 899 (4th Cir. 1989). "'Winnowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. at 751); *see also Smith v. South Carolina*, *supra*, 882 F.2d at 899 (counsel's failure to raise a weak constitutional claim may constitute an acceptable strategic decision designed "to avoid diverting the appellate court's attention from what [counsel] felt were stronger claims"). Although it is possible

to bring a successful ineffective assistance of appellate counsel claim based on failure to raise a particular issue on direct appeal, the Supreme Court has reiterated that it is "difficult to demonstrate that counsel was incompetent." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). "'Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome.'" *Id.* at 288 (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)).

Defendant makes several assertions relating to the alleged ineffectiveness of his trial and appellate counsel (who was the same individual). Defendant contends that counsel was ineffective in failing to appeal a sentencing enhancement; in failing to appeal the assessment of certain criminal history points;[2] and in failing to adequately question Government witness Carnell Williams.

For the reasons noted by the Government in its memorandum in support of the motion for summary judgment, with which this court agrees and adopts as its findings, Defendant is not entitled to relief.[3]

### CONCLUSION

For the reasons referenced above, the Government's motion for summary judgment is **granted** and this motion is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

---

[2]In his opposition to summary judgment, Petitioner has withdrawn his ineffective assistance of counsel claim concerning the prior conviction listed in paragraph 69 of the Presentence Report (PSR). Dkt. #3312 at 1-2 (filed Nov. 10, 2010).

[3]The Government did not specifically address Defendant's argument relating to criminal history point assessed in paragraph 70 of the Presentence Report (PSR). However, the reasons advanced by the Government why summary judgment is appropriate on Defendant's claim of ineffectiveness of counsel relating to criminal history points is applicable to all arguments made by Defendant.

4

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 12, 2011